IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROBERT LEE KIMBLE                                                                                           PLAINTIFF

v.                                                                                                         No. 3:11CV63-M-S

JIMMY VANCE, ET AL.                                                                                       DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Robert Lee Kimble, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff claims that, from 2004 through August of 2005 the defendants acted to effect his conviction for statutory rape, even though the plaintiff claims that he did not commit that crime. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Statute of Limitations**

A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is MISS. CODE ANN. § 15-1-49, which allows a litigant only *three years* to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted). A district court may dismiss a § 1983 complaint *sua sponte* under § 1915(e)(2) (B)(i) when the complaint, on its face, shows that the claims asserted

are barred by the applicable statute of limitations. *Rich v. Thomas*, 220 F.3d 586 (5th Cir. 2000). The plaintiff's claims arose between April of 2004 through August of 2005; as such, the instant suit should have been filed no later than August of 2008 to be considered timely. The plaintiff, however, filed the suit on May 17, 2011, about seventeen months after the expiration of the § 1983 limitations period. As such, the instant case must be dismissed as untimely filed.

## *Heck v. Humphrey*

The court, *sua sponte,* takes up the dismissal of the plaintiff's claims regarding the invalidity of his prosecution. The plaintiff, a prisoner proceeding *pro se*, seeks review of his conviction and sentence imposed under the laws of Mississippi. The plaintiff does not challenge the conditions of his confinement, as required under 42 U.S.C. § 1983; he instead challenges the fact and duration of his confinement, a claim which he should have brought as a *habeas corpus* claim under 28 U.S.C. § 2254. A claim under 42 U.S.C. § 1983 does not accrue until the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). As the plaintiff has not shown that his conviction or sentence has been reversed, expunged, invalidated or impugned by the grant of a writ of *habeas corpus*, his claim under 42 U.S.C. § 1983 is not ripe for consideration and must be dismissed without prejudice to his ability to file a *habeas corpus* claim under 28 U.S.C. § 2254. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 6th day of July, 2011.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**